# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ESSENCE JACKSON,  <br>    Plaintiff, | )  <br>)  <br>) |
| v. | ) CIVIL ACTION NO. 1:22-00478-TFM-N  <br>) |
| SHELL CHEMICAL LP,  <br>    Defendant. | )  <br>)  <br>) |

## ORDER

The *pro se* Plaintiff, **ESSENCE JACKSON**, has filed a letter motion dated August 4, 2023, requesting (1) another extension of time to respond to the Defendant's motion to dismiss or for a more definite statement, and (2) her EEOC file. (Doc. 31).[1] Upon due consideration, said motion is **GRANTED in part** and **DENIED in part**, as follows:

1. No later than **AUGUST 28, 2023**, Jackson must either (1) have retained counsel enter a notice of appearance on her behalf, or (2) file and serve her brief in response to the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e) (Doc. 13), filed by the Defendant,

---

[1] The assigned District Judge has referred said motion (Doc. 31) to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/10/2023 electronic reference notation).

**SHELL CHEMICAL LP**.[2]

2. In the event Jackson files a response, Shell Chemical must file and serve its brief in reply to Jackson's response, if any, no later than **SEPTEMBER 8, 2023**, after which the motion will be taken under submission for consideration as to the appropriate disposition.

3. Except as permitted by the Court's Local Rules,[3] *e.g.*, S.D. Ala. CivLR 7(f)(3), no other briefing or submissions addressing the motion to dismiss or for more definite statement may be filed without leave of the Court for good cause shown.

4. Should the Court determine that oral argument would be beneficial, a hearing will be set by separate order. Otherwise, the motion to dismiss or for more definite statement is being submitted without oral argument. *See* Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h). "Oral argument requests must contain specific reasons why oral argument would be helpful." S.D. Ala. CivLR 7(h).

5. All briefing must comply with the requirements of General Local Rule 5(a) and Civil Local Rule 7. However, courtesy copies of any brief or exhibits are not required unless expressly requested by the Court.

6. To the extent Jackson requests the Court order the EEOC to produce her file

---

[2] The assigned District Judge has referred said motion (Doc. 13) to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/2/2023 electronic reference notation).

[3] Current versions of the Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders

to her, that request is **DENIED**. First, Jackson has provided no authority or argument indicating the Court can do so. *See* Fed. R. Civ. P. 7(b)(1)(B) (a motion must, among other things, "state with particularity the grounds for seeking the order"); S.D. Ala. CivLR 7(a) ("Every motion must state the statute, rule, or legal or equitable principle pursuant to which it is made."). Second, subject to inapplicable exceptions, in civil actions "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…" Fed. R. Civ. P. 26(d)(1). Third, the attorney letter attached to her motion (Doc. 31-1, PageID.121) provides instructions for how Jackson can request her EEOC claims file herself without court intervention, and there is no indication that process has been unsuccessful.

Further requests for extension of the above deadlines will require a showing of extraordinary circumstances. While Jackson is encouraged to continue her efforts to obtain counsel, this case will not be put on hold indefinitely until she does. Civil litigants do not have an absolute right to representation of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Jackson chose to initiate this action *pro se*, and she must accept the responsibility that comes with doing so. Unless and until she obtains new counsel that is, or becomes, duly admitted to practice in this Court, she bears the sole responsibility of handling her case, which includes timely responding to the Defendant's motions and discovery requests, following the Court's orders, and complying with all applicable laws and rules of procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se

IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)); S.D. Ala. GenLR 83.5(a) ("All persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."). Additionally, her failure to prosecute her case may result in dismissal of her complaint. *See* Fed. R. Civ. P. 41(b) (allowing for dismissal of an action for a plaintiff's failure to prosecute); S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.").

The Clerk of Court is **DIRECTED** to mail copies of this order to Jackson at her last known address (2433 Lynnbrook Dr., Harvey, LA 70058).

**DONE** and **ORDERED** this the **11th** day of **August 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**